Date signed May 20, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In Re: | * | |
| | * | Case No.    08-11728PM |
| OLUWASEYI BABALOLA SOGUNRO | * | Chapter    13 |
| | * | |
| | * | |
| Debtor(s) | * | |

### MEMORANDUM TO COUNSEL FOR THE DEBTOR
### (Application for Compensation)

Before the court is the Application for Compensation filed by Edward V. Hanlon, Esquire, counsel for the Debtor. Counsel seeks payment forthwith of the $2,659.00 balance due of a total fee charged in the amount of $3,990.00. This would result in payment in advance for all services to be rendered over the possible five-year life of this case, except for certain specified items such as adversary proceedings that would call for additional charges. The Chapter 13 Trustee filed an objection to Counsel's Application. In response to the Trustee's objection, Counsel filed the same document that he has filed in several other cases following the receipt of objections to his fee applications and various court rulings. This 27-page memorandum is largely devoted to an attack on Appendix F of the Local Bankruptcy Rules of this court. His theme is that the Local Bankruptcy Rules are a nullity.

The efficacy of Appendix F is not the issue before the court. Appendix F was developed with the aid of two local organizations of bankruptcy lawyers in an effort to simplify the compensation process for lawyers filing bankruptcy cases under Chapter 13. It represents the conclusions of the Bench and Bar as to what would be the reasonable value of services customarily

rendered in cases under Chapter 13. The idea was to create presumptively reasonable fees in the knowledge that some cases would deviate from the norm, but over the passage of time counsel's fees would even out. The process of the creation of this Appendix is described by Chief Judge Keir in the case of *In re Bellamy*, 379 B.R. 86, 96 (BC Md. 2007). Chief Judge Keir also points out in the *Bellamy* decision that nothing prevents counsel seeking a deviation from the standards of Appendix F from filing a proper application for compensation. This is precisely what is now before the court. This court has authority under § 329(b) of the Bankruptcy Code to review fee applications whether or not there is an objection. *In re Courtois*, 222 B.R. 491, 494 (BC Md. 1998); *In re Morgan*, 48 B.R. 148, 149 (BC Md. 1985). Congress enacted 11 U.S.C. § 329(b) to afford protection to debtors who often file for bankruptcy protection in haste without acting as reasonably-informed consumers and who often choose the first lawyer to whom they are recommended or who may solicit them. *See, Land v. First Nat'l Bank in Alamosa (In re Land)*, 116 B.R. 798, 804 (D. Col. 1990), *aff'd* 943 F.2d 1265 (CA10 1991).

Regardless of whether Appendix F is controlling, it is authoritative considering the joint effort that went into its creation. The court finds that the services to be rendered under the Disclosure of Compensation are half-way between the service levels of the presumptively reasonable fees set forth in paragraphs 4.A. and 4.B. of Appendix F to the Local Bankruptcy Rules. Thus, most likely the court would, but for Counsel's opting out, allow compensation as set forth in paragraph 4.D. of Appendix F. That is, with $2,000.00 allowed as of confirmation and the balance of the fee payable at the rate of $125.00 a month thereafter. However, Counsel expressly took himself out of the area of protection accorded fee arrangements presumptively deemed allowable by Appendix F. Since Counsel has nearly five years of service remaining in his representation of the Debtor, Counsel will, from time to time, have to file applications for interim compensation under 11 U.S.C. § 331.

In the Application and Response, Counsel filed boilerplate pleadings that duplicate pleadings filed in several other cases. The pleadings are insufficient. Counsel must file a supplement to his interim Application to deal with the factors of time and labor expended and results obtained. Any such application is more helpful to the court were it to conform to the requirements of the Compensation Guidelines of this court contained in Appendix D to the Local Rules. Particular attention should be paid to the requirements of daily time entries and organization by tasks. Counsel has the burden of proof of establishing the reasonableness of his request for compensation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The court will defer its ruling on this Application pending receipt of the additional data that will enable it to be informed as to the key factor of the time and labor expended in this case. Finally, from its experience in the administration of thousands of these cases, the court observes that there is little benefit to the Debtor of the "reduced" fees for certain work likely to be required by the Debtor after confirmation. The court notes that in several Chapter 13 cases involving this "reduction," debtors often have been unrepresented in the most critical aspect of the case after confirmation. That is, debtors fall behind in payments to secured creditors who then seek relief from the automatic stay of 11 U.S.C. § 362(a) to enable them to foreclose on debtors' residences -- the protection of which triggered the filing of the bankruptcy case in the first instance.

cc:
Edward V. Hanlon, Esq., 5510 Cherrywood Lane, Suite G, Greenbelt, MD 20770
Oluwaseyi B. Sogunro, 8514 Madison Street, Hyattsville, MD 20784
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**